Steven Wayne Bonilla
P.O. Box J-48500
San Quentin, CA 94964

United States District Court
Northern District of California

Steven Wayne Bonilla,
Plaintiff,

v.

Birgit Fladager
District Attorney for the
County of Stanislaus
Defendant.

Case No. CV 17 6240 VC (PR)

Violation of 18 USC § 241
and 18 USC § 242

### Section I

Pursuant to Victim's Rights (18 USC § 3771; California Constitution, Article I, § 28), the Petitioner Steven Wayne Bonilla, has a right to see that the person(s) who committed felonious acts causing the Petitioner injury, an innocent victim, as proven by the fact that no federal grand jury subpoena was admitted into evidence in Alameda County Superior Court, Case No. H-12210-A, that such person(s) will be appropriately detained in custody, tried by the

-1-

courts, and sufficiently punished. The State and Federal Constitutions Victim's Rights were denied the Petitioner/Plaintiff, by the defendant/District Attorney, in collusion with the civil conspiracy to murder me (Petitioner) for finacial gain and other benefits, by denying me my guaranteed Constitutional Rights to due process, equal protection of the law, and meaningful access to the court, under color of authority, and under color of law, in violation of 18 USC § 241 and 242.

## Section II

When the crime was reported, as mandated by law, (18 USC § 04), the District Attorney had a duty/obligation to appropriately detain in custody, prosecute, and sufficiently punish those who committed and aided in the furtherance of the felonious acts of the civil conspiracy. When the District Attorney failed/refused, to do so, in an act to aid in the furtherance of the conspiracy to murder me (Petitioner), the District Attorney became a member/participant of the conspiracy, in violation of the law, (18 USC § 241, 242), and became subject to liability owed to the Petitioner, for any and all injuries sustained by the civil conspiracy and agreed to in their contractual settlement agreement.

## Section III

To explain the crime reported to the District Attorney, that was committed, under ..... color of authority, and under color of law, to murder me, began with arresting me without probable cause. Then convicted me and sentenced me to death without there being any lawfully admissible evidence. [NONE] of the supposed evidence was admissible

because it was supposedly the fruit of a federal grand jury subpoena that was never admitted into evidence (because it never existed). Therefore, pursuant to Rule 403 of the California Evidence Code [NONE] of the supposed evidence was lawfully admissible. Thus, there was no subject matter nor subject matter jurisdiction. Which makes the judgment void on its face. Wherefore, in any independent action, as in this suit, (256 Cal. App. 2d 301), the court must first prove subject matter jurisdiction exist before proceeding. (549 US 422) or this reviewing court's jurisdiction is limited to reversing the trial court's void judgement, (35 Cal. 4th 180); and under the Courts general jurisdiction to correct any Constitutional violations and miscarriage of justice.

## Section IV

A judgment or order void on its face can be collaterally attacked at any time and in any place. (148 Cal. App. 2d 845). Especially, after the trial court has failed to prove that it had ever acquired subject matter jurisdiction nor jurisdiction of person when challenged. Thus, the trial court has admitted that it never acquired jurisdiction. Wherefore, the judge(s) of the District Attorney's County exceeded jurisdiction by failing/refusing, as a matter of mandatory law, to simply perform the ministerial duty of issuing an order to show cause. Which would have shown the judgment to be void on its face because there was no lawfully admissible evidence due to the fact that the federal grand jury subpoena was never admitted into evidence. Therefore, when the judge, and in this case, the

-3-

District Attorney, acts in the face of a clearly valid statute expressly deprives them of jurisdiction, and their judicial immunity is lost, which means that the judge(s) who acted in excess of jurisdiction, in an act to aid the civil conspiracy, and thus, a member/participant in the furtherance of the conspiracy (290 US 240), to murder me, under color of authority and color of law. Which now also applies to the District Attorney for exceeding jurisdiction by not complying with the duty and obligation owed to the Petitioner/Victim, pursuant to 18 USC § 3771 and California Constitution, Article I, § 28.

## Relief Sought

For this Honorable Court to appropriately detain in custody, tried by the court, and sufficiently punish the judge and the District Attorney for exceeding their jurisdiction, to aid in the furtherance of the civil conspiracy to murder me under color of authority and under color of law, and to grant any and all further relief that this Honorable Court deems necessary, proper, and fair.

## Verification

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 USC § 1746.

Dated: 9-28-17

Respectfully Submitted
Steven Bonilla